```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

GILBERT ROMAN,

    Plaintiff,

v.                                    Case No. 8:16-cv-3449-T-33AEP

TYCO SIMPLEX GRINNELL,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon *sua sponte* review of pro se Plaintiff Gilbert Roman's Complaint, filed on December 19, 2016. (Doc. # 1). For the reasons that follow, the Court dismisses the Complaint and grants Roman leave to file an amended complaint by February 3, 2017.

**I.  Background**

Roman initiated this action on December 19, 2016. (Doc. # 1). In his Complaint, Roman states in full:

> While working for Tyco Simplex Grinnell, I was harassed, eggs, mucus, Grease or tar thrown on company van. Placed in unfair and unsafe work Conditions. Causing me high blood pressure. All because an oral Contract was breached.
>
> I seek 7 million dollars in compensation and punitive damages For the wrong done to me.

(Id. at 1).

1

Additionally, Roman filed two attachments to the Complaint. The first is Roman's affidavit stating that he is a fire sprinkler inspector who worked for Defendant Tyco Simplex Grinnell. (Doc. # 1-2). Although the Complaint simply states that he was harassed because an oral contract was breached, the attached affidavit asserts that Roman is also entitled to relief under Title VII of the Civil Rights Act of 1964, the Occupational Health and Safety Act (OSHA) of 1970, and a number of Supreme Court cases. (Id.).

The second attachment is labelled a background exhibit and includes allegations regarding Roman's employment with Tyco, the purported breach of contract, and the retaliatory harassment. (Doc. # 1-3). Additionally, that exhibit includes a photograph of Roman's work van, which was allegedly egged by Tyco employees to harass Roman. (Id.).

Based on the allegations of the Complaint and attachments, it appears that Roman is attempting to assert a breach of oral contract claim against his former employer, Tyco, for failing to assign Roman to higher-paying assignments as a fire alarm inspector, which he was promised when he accepted the job. Additionally, Roman alleges that supervisors at Tyco harassed and retaliated against him because he complained about the contract violation.

**II. Analysis**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014). A district judge may *sua sponte* dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted). Likewise, "[t]he district judge also has the inherent authority *sua sponte* to require the plaintiff to file a more definite statement." Id. (citing Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his

3

claims discretely and succinctly. . . ." Fikes, 79 F.3d at 1082 (citation omitted).

Even when construed liberally to account for Roman's pro se status, the Complaint contravenes Rules 8(a) and 10(b). The factual allegations are disorganized, and primarily contained in the affidavit and background exhibit attached to the Complaint. This means that "any allegations that are material are buried beneath . . . pages of rambling irrelevancies." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Roman should lay out these facts clearly and succinctly in numbered paragraphs in the amended complaint, rather than including his factual allegations in attached exhibits.

Also, the Complaint should be dismissed because it is unclear what claims Roman is bringing against Tyco. See Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001)(noting that a complaint that fails to identify claims with sufficient clarity constitutes a "shotgun pleading," which must be dismissed). Although the civil cover sheet states that Roman's cause of action is brought under Title VII, the facts alleged in Roman's Complaint and background exhibit focus on a purported breach of an oral contract regarding Roman's work assignments and the retaliation Roman believes he faced after

4

complaining about the breach of contract. If Roman wishes to bring a breach of contract claim, Roman must plead clearly the existence of a valid contract, a material breach of that contract, and damages resulting from the breach. Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999)("The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." (citation omitted)).

If Roman wishes to bring a claim under Title VII, pursuant to the Court's federal question jurisdiction, Roman must allege that he was discriminated against or harassed on the basis of one of Title VII's protected classes, which include race, color, religion, sex, or national origin. See McCray v. Potter, 263 F. App'x 771, 773 (11th Cir. 2008)("Title VII does not encompass every tribulation a worker may experience in the workplace, but instead only proscribes employment discrimination based on race, color, religion, sex, or national origin."). Additionally, Roman's attached affidavit asserts that he is entitled to relief under OSHA, but does not identify what conduct by Tyco violated that Act or the specific sections of the Act under which Roman is bringing a claim. (Doc. # 1-2). Therefore, Roman has not stated a claim under either statute that can support this

5

Court's federal question jurisdiction. If he wishes to assert a cause of action under Title VII or another federal statute, Roman must specify that legal basis and allege facts sufficient to state a claim under the statute in the amended complaint.

Still, state causes of action, including breach of contract claims, may be brought in federal court pursuant to the Court's diversity jurisdiction. To bring a claim in federal court pursuant to diversity jurisdiction, a complaint must allege that complete diversity of citizenship exists between the plaintiff and defendant and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

Although Roman asserted on the civil cover sheet that he was bringing a claim under the Court's federal question jurisdiction, the Court recognizes that Roman also marked on the cover sheet that he is a citizen of this state and that Tyco is both incorporated and has its principal place of business in another state, which means that diversity of citizenship exists. (Doc. # 1-1). Additionally, the Complaint

6

and cover sheet state that Roman is seeking $7,000,000 in compensatory and punitive damages, which is above the $75,000 amount in controversy requirement. (Doc. # 1 at 1; Doc. # 1-1). However, the Complaint does not allege the citizenships of either party or explain Roman's calculation of damages.

Because federal courts have an independent duty to ensure the proper exercise of jurisdiction, the Court instructs Roman to clarify the basis for jurisdiction in the amended complaint. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001)("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

In his amended complaint, Roman must organize all his factual allegations clearly and succinctly in numbered paragraphs, as required by the Federal Rules of Civil Procedure. Roman should clearly state what causes of action he is bringing against Tyco, and specify the basis for this Court's jurisdiction. If Roman wishes to bring multiple causes of action, he may; but, he must separate each cause of

action into a separate count and state the factual and legal basis for his claim under each count.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Gilbert Roman's Complaint (Doc. # 1) is **DISMISSED.** Roman is directed to file an amended complaint that provides the information described in this Order by **February 3, 2017.** Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of January, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE