```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

GILBERT ROMAN,

      Plaintiff,

v.                                    Case No. 8:16-cv-3449-T-33AEP

TYCO SIMPLEX GRINNELL,

      Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to pro se Plaintiff Gilbert Roman's Motion to Enter Evidence and Material Facts (Doc. # 8), filed on January 3, 2017. For the reasons that follow, the Motion is denied.

**Discussion**

Although Roman is proceeding pro se, he must comply with all procedural rules of this Court. See McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014)("[A] pro se litigant is still required to conform to procedural rules. . . ."). All documents filed with the Court must be in the form of a pleading or of a motion. See Fed. R. Civ. P. 7(a)-(b). Each pleading, motion, notice, or other paper should be presented in a separate document.

1

Under the Local Rules for the Middle District of Florida, all requests for relief from the Court must be in the form of a motion. M.D. Fla. L.R. 3.01(f). The motion must include "a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request," in a single document not to exceed twenty-five pages. M.D. Fla. L.R. 3.01(a).

Additionally, the party seeking to file almost any type of motion must confer in good faith with opposing counsel to resolve the issues raised by the motion before filing. M.D. Fla. L.R. 3.01(g). The motion must contain a certification that the party has complied with this requirement and informing the Court whether or not opposing counsel has agreed to the relief requested. Id. Roman's Motion does not comply with Local Rule 3.01(g), and is therefore improper.

Furthermore, Roman's Motion is also improper because the Court does not grant parties leave to file evidence throughout the course of litigation or to supplement the factual allegations of a pleading without having been granted leave to amend the pleading. After a complaint is filed and the defendant is served, the parties engage in discovery, during which time each party may request information and documents,

or to take depositions, from the other party. See Fed. R. Civ. P. 26-37. The parties do not file their discovery documents with the Court unless they are used to support a motion, such as a motion for summary judgment, or will be presented at trial. M.D. Fla. L.R. 3.03(b)-(d). Thus, filing motions to enter evidence and material facts, with attached documents a party wishes the Court to consider as evidence, is inappropriate.

Therefore, Roman's motion is denied. However, the Court dismissed Roman's Complaint on January 3, 2017, with leave to file an amended complaint by February 3, 2017. (Doc. # 7). To the extent Roman wishes to plead the additional facts that he asserts in the Motion, he may include those allegations in the amended complaint. If Roman wishes to use the documents attached to his Motion in support of his amended complaint, Roman may file them as exhibits to the amended complaint when he files the amended complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Gilbert Roman's Motion to Enter Evidence and Material Facts (Doc. # 8) is **DENIED**. Although he is proceeding pro se, Roman must comply with all requirements of the Federal Rules of Civil Procedure and Local Rules for the Middle

District of Florida for the filing of motions and pleadings. If Roman wishes to add factual allegations to his amended complaint or file the documents attached to his Motion as exhibits to the amended complaint, he may do so.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of January, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE