UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT ROMAN,

Plaintiff,

v. Case No. 8:16-cv-3449-T-33AEP

TYCO SIMPLEX GRINNELL,

Defendant.
______________________________/

**ORDER**

This matter comes before the Court upon *sua sponte* review of pro se Plaintiff Gilbert Roman's Amended Complaint, filed on January 17, 2017. (Doc. # 10). For the reasons that follow, the Court dismisses the Amended Complaint and grants Roman leave to file a second amended complaint by February 17, 2017.

**I. Background**

Roman initiated this action on December 19, 2016. (Doc. # 1). In the original Complaint, Roman stated in full:

> While working for Tyco Simplex Grinnell, I was harassed, eggs, mucus, Grease or tar thrown on company van. Placed in unfair and unsafe work Conditions. Causing me high blood pressure. All because an oral Contract was breached.
>
> I seek 7 million dollars in compensation and punitive damages For the wrong done to me.

(Id. at 1). Although the Complaint stated that he was harassed because an oral contract was breached, the attached affidavit asserted that Roman was also entitled to relief under Title VII of the Civil Rights Act of 1964, the Occupational Health and Safety Act (OSHA) of 1970, and a number of Supreme Court cases. (Doc. # 1-2). The Court dismissed the Complaint on January 3, 2017, and granted Roman leave to file an amended complaint that clearly states its claims and establishes the Court's jurisdiction over the case. (Doc. # 7).

On January 17, 2017, Roman filed an Amended Complaint and affidavit. (Doc. ## 10-11). Based on the allegations of the Amended Complaint and affidavit, it appears that Roman is attempting to assert only a breach of oral contract claim against his former employer, Tyco, for failing to assign Roman to higher-paying assignments as a fire alarm inspector, which he was promised when he accepted the job. Roman alleges that Tyco's refusal to give him higher-paying assignments led to the failure of Roman's other business — a tow truck company. (Doc. # 10 at 1). Additionally, Roman alleges that supervisors at Tyco placed him in unsafe working conditions despite Roman's development of bone spurs. (Id. at 2). According to Roman, his supervisors harassed and retaliated against him because he requested higher-paying assignments. (Id.).

## II. Analysis

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014). A district judge may *sua sponte* dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted). Likewise, "[t]he district judge also has the inherent authority *sua sponte* to require the plaintiff to file a more definite statement." Id. (citing Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his

claims discretely and succinctly . . . .” Fikes, 79 F.3d at 1082 (citation omitted).

Although it is an improvement, the Amended Complaint still contravenes Rules 8(a) and 10(b). In his second amended complaint, Roman should separate his allegations into separate numbered paragraphs, rather than including all allegations in one multi-page paragraph with numbered lines. It appears that Roman is attempting to bring a single claim for breach of contract but the allegations supporting that claim are not laid out clearly. If Roman wishes to bring a breach of contract claim, Roman must plead clearly the existence of a valid contract, a material breach of that contract, and damages resulting from the breach. Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999)(“The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.” (citation omitted)).

Additionally, the Amended Complaint contains factual allegations unrelated to the elements of a breach of contract claim, such as allegations regarding Roman’s health and perceived retaliation by Tyco employees. (Doc. # 10 at 2). If Roman wishes to assert additional claims, he should do so in separate counts that clearly identify the legal basis for

those claims. If Roman only wishes to bring a breach of contract claim, he should avoid including unrelated factual allegations that may confuse the defendant about the claims brought against it.

As the Court explained in its previous Order, state causes of action, including breach of contract claims, may be brought in federal court pursuant to the Court's diversity jurisdiction. To invoke a federal court's diversity jurisdiction, a complaint must allege that complete diversity of citizenship exists between the plaintiff and defendant and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

Because federal courts have an independent duty to ensure the proper exercise of jurisdiction, the Court instructs Roman to clarify the basis for diversity jurisdiction in the second amended complaint. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001)("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously

[e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.”).

The Amended Complaint states that Roman is seeking $7,000,000 in compensatory and punitive damages, which is above the $75,000 amount in controversy requirement. (Doc. # 10 at 3). But the Amended Complaint still does not explain Roman’s calculation of damages beyond flatly stating that he is seeking $7,000,000. Therefore, although his alleged damages exceed the $75,000 amount in controversy threshold, Roman should explain how those damages were calculated in his second amended complaint so that the Court may determine whether it has jurisdiction. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1272 (11th Cir. 2000)(“While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury.” (quoting Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1052 (5th Cir. 1982)).

Furthermore, Roman does not allege the citizenships of either party. On the final page of the Amended Complaint, Roman lists Tyco as having an address in Harriman, New York,

and lists himself as residing in Haines City, Florida. (Doc. # 10 at 3). But it is unclear whether Tyco has its principal place of business or is incorporated in New York, which is important because a corporation is deemed a citizen of both its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1)(stating that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Additionally, while Roman's Florida address implies that he resides in Florida, Roman has not affirmatively alleged that he is a citizen of Florida. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011)("[C]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."). Thus, Roman should affirmatively allege the state citizenships of each party, rather than listing each party's address.

In his second amended complaint, Roman must organize all his factual allegations clearly and succinctly in numbered paragraphs that state a claim for breach of contract. Roman should clearly specify the basis for this Court's diversity

jurisdiction by explaining his calculation of damages and alleging the citizenships of the parties.

If Roman has questions regarding the jurisdictional issues discussed in this Order and the procedural rules of federal courts, he may consult with a lawyer for free on a limited basis at the Legal Information Program operated by the Tampa Chapter of the Federal Bar Association on Tuesdays from 11:00 AM to 12:30 PM in the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Appointments, which are recommended but not required, can be made by calling (813) 301-5400.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Gilbert Roman's Amended Complaint (Doc. # 10) is **DISMISSED.** Roman may file a second amended complaint that provides the information described in this Order by **February 17, 2017.** Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of January, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE