UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT ROMAN,

    Plaintiff,

v.                                 Case No. 8:16-cv-3449-T-33AEP

TYCO SIMPLEX GRINNELL,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon *sua sponte* review of pro se Plaintiff Gilbert Roman's Second Amended Complaint, filed on February 2, 2017. (Doc. # 13). For the reasons that follow, the Court dismisses the Second Amended Complaint and grants Roman leave to file a third amended complaint by March 7, 2017.

**I.     Background**

Roman initiated this action on December 19, 2016. (Doc. # 1). In the original Complaint, Roman stated in full:

> While working for Tyco Simplex Grinnell, I was harassed, eggs, mucus, Grease or tar thrown on company van. Placed in unfair and unsafe work Conditions. Causing me high blood pressure. All because an oral Contract was breached.
>
> I seek 7 million dollars in compensation and punitive damages For the wrong done to me.

1

(Id. at 1). The Court dismissed the Complaint on January 3, 2017, and granted Roman leave to file an amended complaint that clearly states its claims and establishes the Court's jurisdiction over the case. (Doc. # 7).

On January 17, 2017, Roman filed an Amended Complaint and affidavit. (Doc. ## 10-11). Based on the allegations of the Amended Complaint and affidavit, it appeared that Roman was attempting to assert only a breach of oral contract claim against his former employer, Tyco, for failing to assign Roman to higher-paying assignments as a fire alarm inspector, which he was promised when he accepted the job. Roman alleged that Tyco's refusal to give him higher-paying assignments led to the failure of Roman's other business — a tow truck company. (Doc. # 10 at 1). Additionally, Roman alleged that supervisors at Tyco placed him in unsafe working conditions. (Id. at 2). According to Roman, his supervisors harassed and retaliated against him because he requested higher-paying assignments. (Id.). The Court dismissed the Amended Complaint on January 18, 2017, advising Roman to "organize all his factual allegations clearly and succinctly in numbered paragraphs that state a claim for breach of contract" and to "clearly specify the basis for this Court's diversity jurisdiction." (Doc. # 12 at 7-8).

Roman filed his Second Amended Complaint and an affidavit with exhibits on February 2, 2017, alleging breach of contract, as well as violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., and the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651, et seq. (Doc. ## 13 at 3; 14). Roman still claims $7,000,000 in damages because his towing business failed after Tyco failed to pay him at the hourly rate he was allegedly promised. But, Roman notes that his losses include: "[$] 19,000 [for] 2 trucks down payment, [$] 22,000 insurance, [$] 19,000 Truck payments, [$] 7,000-15,000 rent, trailer, ads, miscellaneous. Any future earning." (Doc. # 13 at 2). Additionally, Roman complains that he was forced to work in confined and near-freezing spaces, and was not paid for his travel time at the beginning and end of each day. (Id. at 2-3).

## II. Analysis

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014). A district judge may *sua*

3

*sponte* dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted). Likewise, "[t]he district judge also has the inherent authority *sua sponte* to require the plaintiff to file a more definite statement." Id. (citing Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly." Fikes, 79 F.3d at 1082 (citation omitted).

In his Second Amended Complaint, Roman has not corrected many of the problems pointed out in the Court's previous Orders. The allegations are organized as one confusing paragraph spanning three pages with numbered lines. Thus, Roman has not "separate[d] his allegations into separate numbered paragraphs, rather than including all allegations in one multi-page paragraph with numbered lines" as the Court

advised him to do to comply with Rule 10(b). (Doc. # 12 at 4). Additionally, Roman has retained factual allegations seemingly unrelated to any of his legal claims, specifically those regarding alleged retaliation by Tyco employees, including their "[leaving] a pumpkin by my personal car." (Doc. # 13 at 3).

And, while it is perfectly acceptable that Roman added an FLSA claim, Roman did not divide his Second Amended Complaint into separate counts for each separate cause of action. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015)(noting that a complaint is a shotgun pleading if it does "not separat[e] into a different count each cause of action or claim for relief"). Furthermore, Roman's allegations regarding his FLSA claim are short and vague: "I believe Tyco should be paying travel time in the beginning of the day and ending. This covered under overtime labor law fair labor standard act." (Doc. #13 at 3). It is unclear whether Tyco simply did not pay Roman for his daily commute time to and from work or whether Tyco failed to pay Roman for other stops he made on behalf of Tyco before or after his typical work hours. It is important that Roman clearly plead this claim because ordinary travel time to and from work is typically not compensable under the FLSA. See

5

Preston v. Settle Down Enters., Inc., 90 F. Supp. 2d 1267, 1279-80 (N.D. Ga. 2000)(noting that "[t]ravel time is compensable . . . only if it is a principal activity of the employee" and thus "ordinary home-to-work travel is not compensable").

Regarding Roman's references to OSHA, he may not bring a claim under that statute because OSHA does not create a private right of action. Rabb v. Pizza Hut, No. 1:08-CV-1934-RWS, 2008 WL 4542639, at *1 (N.D. Ga. Oct. 8, 2008)("Plaintiff's claim for a violation of OSHA is also futile. There is no private right of action under OSHA." (citing Jeter v. St. Regis Paper Co., 507 F.2d 973, 976 (5th Cir. 1975))). Therefore, Roman cannot bring a claim under that statute.

As mentioned in a previous Order, if Roman has questions about the meaning of the Court's Orders, he may consult with a lawyer for free on a limited basis at the Legal Information Program operated by the Tampa Chapter of the Federal Bar Association on Tuesdays from 11:00 AM to 12:30 PM in the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Appointments, which are recommended but not required, can be made by calling (813) 301-5400.

Accordingly, it is hereby

6

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Gilbert Roman's Second Amended Complaint (Doc. # 13) is **DISMISSED.** Roman may file a third amended complaint that addresses the issues described in this Order by **March 7, 2017.** Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of February, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE