UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT ROMAN,

    Plaintiff,

v.                           Case No. 8:16-cv-3449-T-33AEP

TYCO SIMPLEX GRINNELL,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Defendant Tyco Simplex Grinnell's Motion to Dismiss the Third Amended Complaint, filed on May 9, 2017. (Doc. # 23). Pro se Plaintiff Gilbert Roman responded on May 26, 2017. (Doc. # 26). For the reasons that follow, the Court dismisses the Third Amended Complaint and grants Roman leave to file a fourth amended complaint by July 5, 2017.

**I. Background**

Roman initiated this action on December 19, 2016. (Doc. # 1). In the original Complaint, Roman stated in full:

> While working for Tyco Simplex Grinnell, I was harassed, eggs, mucus, Grease or tar thrown on company van. Placed in unfair and unsafe work Conditions. Causing me high blood pressure. All because an oral Contract was breached.

> I seek 7 million dollars in compensation and punitive damages For the wrong done to me.

(Id. at 1). The Court dismissed the Complaint on January 3, 2017, and granted Roman leave to file an amended complaint that clearly stated his claims and established the Court's jurisdiction. (Doc. # 7).

On January 17, 2017, Roman filed an Amended Complaint and affidavit. (Doc. ## 10-11). Based on the allegations of the Amended Complaint and affidavit, it appeared Roman was attempting to assert only a breach of oral contract claim against his former employer, Tyco, for failing to assign Roman to the higher-paying assignments he was promised when he accepted the job as a fire alarm inspector. Roman alleged that Tyco's refusal to give him higher-paying assignments led to the failure of Roman's other business — a tow truck company. (Doc. # 10 at 1). Additionally, Roman alleged that supervisors at Tyco placed him in unsafe working conditions and retaliated against him. (Id. at 2). The Court dismissed the Amended Complaint on January 18, 2017, advising Roman to "organize all his factual allegations clearly and succinctly in numbered paragraphs that state a claim for breach of contract" and to "clearly specify the basis for this Court's diversity jurisdiction." (Doc. # 12 at 7-8).

Roman then filed his Second Amended Complaint and an affidavit with exhibits on February 2, 2017, alleging breach of contract, as well as violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., and the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651, et seq. (Doc. # 13 at 3; Doc. # 14). Roman still claimed $7,000,000 in damages because his towing business failed after Tyco refused to pay him at the promised hourly rate. But, Roman listed his losses as: "[$] 19,000 [for] 2 trucks down payment, [$] 22,000 insurance, [$] 19,000 Truck payments, [$] 7,000-15,000 rent, trailer, ads, miscellaneous. Any future earning." (Doc. # 13 at 2). Additionally, Roman complained that he was forced to work in confined and near-freezing spaces, and was not paid for his travel time at the beginning and end of each day. (Id. at 2-3).

The Court dismissed the Second Amended Complaint on February 8, 2017, noting that, while the Second Amended Complaint was an improvement, "Roman has not corrected many of the problems pointed out in the Court's previous Orders." (Doc. # 15 at 4). That Order explained that the FLSA typically does not cover daily commuting time for overtime purposes, so Roman needed to provide more information regarding his travel to and from work. (Id. at 5). The Court also explained that

3

OSHA does not create a private right of action, so Roman cannot bring a claim under that statute. (Id. at 6).

Roman then filed his Third Amended Complaint. (Doc. # 16). The Third Amended Complaint includes different headings, including "Breach of Oral Contract," "Unsafe-Unfair work conditions," and "Fair labor standards," intended to separate different claims for relief. Roman asserts that he is "entitled to relief under: Breach of oral contracts, 29 USC fair labor standards, 29 USC sec. 204(a) Creation of wage and hour division, 29 USC chap. 15 OSHA ACT, 18 USC Sec. 1589 forced labor, standard Diversity jurisdiction, supplemental jurisdiction." (Id. at 1). Thus, the Third Amended Complaint seems to include four different counts: two counts for breach of oral contract, one count for "Unsafe-Unfair work conditions," which appears to be brought under OSHA and the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §§ 1581 et seq., and one count brought under the FLSA.

Tyco filed its Motion to Dismiss the Third Amended Complaint on May 9, 2017. (Doc. # 23). Roman filed a "Motion to Dismiss Defendant's Motion to Dismiss Third Amended Complaint," which the Court construes as a response in opposition to the Motion, on May 26, 2017. (Doc. # 26).

**II. Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

5

## III. Analysis

Tyco argues the Third Amended Complaint should be dismissed because it violates Federal Rules of Civil Procedure 8 and 10, and fails to state plausible claims in any of the four counts. The Court will address each argument in turn.

### A. Federal Rules 8 and 10

The Third Amended Complaint is an improvement over the previous complaints but there are still issues that need to be addressed. Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted).

Although Roman correctly did not include a separate "affidavit" with factual allegations as he has done before, the Third Amended Complaint is still composed of two documents. The first document is two pages, including Roman's

jurisdictional allegations and a list of the common-law claims and statutes under which Roman alleges he is entitled to relief. (Doc. # 17 at 1-2). That document also includes Roman's prayer for relief and ends with Roman's signature. (Id.). The second document lists Roman's four counts and includes relevant factual allegations under each count. (Id. at 3-4). The second document ends with Roman's request for a jury trial and signature. (Id. at 4). Roman's fourth amended complaint should be one continuous document that contains everything Roman intends to plead.

Also, Roman includes numbered lines in the Third Amended Complaint, but Rule 10(b) requires that separate **paragraphs** be numbered. In his Fourth Amended Complaint, Roman should only place a number by the first line of each new paragraph — he should not place numbers beside each line.

### B. <u>Breach of Oral Contract</u>

The Third Amended Complaint's first two counts are breach of oral contract claims. (Doc. # 16 at 3). The first breach of contract claim asserts that Roman was promised he would get plenty of prevailing wage work if he signed an agreement to work for $21 an hour, which he did. (Doc. # 16 at 3). But Roman "got very little [prevailing wage work]" from October of 2013 until May of 2014, at which time Roman

7

"did get plenty of [prevailing wage work]" until November of 2014. (Id.). The second breach of oral contract claim states in its entirety: "Tyco started a multiple deficiency quoting program which stated that it would pay workers 1.5%-3% commission to inspectors. I have not received any monies to date. Even though I reached #6 in the nation on mdq." (Id. at 3).

Roman alleges he entered these oral contracts with Tyco in New York during his employment with Tyco. Therefore, New York law likely governs these claims. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496–97 (1941)(noting that a federal court sitting in diversity must apply the choice-of-law rules of the forum state); Motmanco, Inc. v. McDonald's Corp., No. 3:04-cv-270-J-99HTS, 2005 WL 1027261, at *3 (M.D. Fla. Mar. 30, 2005)(stating that, under Florida law, oral contracts "are considered 'made' in the state in which the oral agreement was reached"). If the oral contracts were not entered in New York or Roman has reason to believe a different state's law governs the oral contracts, he should state as much in the fourth amended complaint.

"A breach of contract claim under New York law requires the plaintiff to allege: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-

performance by the other party, and (4) damages attributable to the breach." Lamm v. State St. Bank & Tr. Co., 889 F. Supp. 2d 1321, 1327 (S.D. Fla. 2012), aff'd sub nom. Lamm v. State St. Bank & Tr., 749 F.3d 938 (11th Cir. 2014)(quoting Schlessinger v. Valspar Corp., 817 F. Supp. 2d 100, 105 (E.D.N.Y. 2011)(internal quotation marks omitted)). "To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound." Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004)(citation and internal quotation marks omitted).

Regarding the first breach of oral contract claim, Roman refers to his agreement with his Tyco supervisor about prevailing wage work as an oral contract. But it appears this oral contract may have been entered into at the same time as a written employment contract with Tyco. Indeed, Roman alleges "[he] was told by Arkie Devenuto inspection manager, that [he] would get plenty of [prevailing] wage work if [he] *sign[ed]* for 21 dollars an hour." (Doc. # 16 at 3)(emphasis added). And the subject-matter of the alleged oral contract also involves the type of work and rate of pay Roman would be receiving from Tyco. Thus, it is ambiguous whether the alleged

9

oral contract was a separate contract or merely an oral modification of a written employment contract.

The distinction between an oral contract and an oral modification of a written contract is important because many written contracts provide that they cannot be altered orally. See Grandonico v. Consortium Commc'ns Int'l, Inc., 566 F. Supp. 1288, 1291 (S.D.N.Y. 1983)("Under New York law, when a written contract provides that it cannot be altered except in writing, it cannot be altered except in writing, subject to the narrow exception that if the parties agree orally to alter the contract, the oral agreement may be proven by partial performance of the oral agreement, but only if the performance is unequivocally referable to the oral agreement to modify." (citation and internal quotation marks omitted)). In his fourth amended complaint, Roman should clarify the circumstances surrounding when and how he entered the alleged oral contract about prevailing wage work and whether that oral agreement was a separate contract with distinct subject-matter or a verbal modification of a written employment contract he entered contemporaneously.

Additionally, Roman should plead facts about the oral contract — details about when and how the oral contract was entered and the specifics of the agreement itself. In the

Third Amended Complaint, Roman states vaguely that he was promised "plenty of [prevailing wage work]." (Doc. # 16 at 3). But, this statement does not clarify how much prevailing wage work Roman was actually promised, an estimate of what that prevailing wage would be, or the timeframe for when or how often Roman would receive prevailing wage assignments. Also, Roman states that "[f]rom May or June 2014-Nov[ember] 2014 [he] did get plenty of [prevailing wage work]." (Doc. # 16 at 3). This statement seems at odds with Roman's contention that Tyco breached its oral contract to give him prevailing wage assignments generally. Details about the oral contract are important because "[a]lthough it is not necessary for each element to be pleaded individually, a claim that fails 'to allege facts sufficient to show that an enforceable contract existed' between the parties is subject to dismissal." Berman v. Sugo L.L.C., 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008)(citation omitted).

Regarding the second breach of oral contract claim, Roman must allege more facts regarding how and when he entered the alleged oral contract to receive commissions. As currently drafted, it is unclear whether Tyco unilaterally decided to "start[] a multiple deficiency quoting program," rather than bargained with Roman as to the commission he would

11

receive for his work. (Doc. # 16 at 3). As a result, it is uncertain whether there was any consideration exchanged between Roman and Tyco and, thus, whether there was a valid oral contract. See Anesthesia Assocs. of Mount Kisco, LLP v. N. Westchester Hosp. Ctr., 873 N.Y.S. 2d 679, 686 (App. Div. 2009)("Consideration consists of either a benefit to the promisor or a detriment to the promisee. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him." (citation and internal quotation marks omitted)). In his fourth amended complaint, Roman should allege sufficient facts to support that he entered an oral contract with Tyco to receive commissions through the multiple deficiency quoting program.

**C.  Unsafe and Unfair Working Conditions**

Under the heading "Unsafe-Unfair work conditions," Roman alleges:

> I was placed in several unsafe and unfair work conditions, causing me bronchitis, high blood pressure, bone spurs. [] Covered by standard diversity jurisdiction and supplemental jurisdiction. Also harassed. [] And threatened.

(Doc. # 16 at 3).

Although Roman does not list the legal basis for his unsafe and unfair working conditions claim, Roman's third

count appears to be brought under OSHA because Roman earlier stated that he was entitled to relief under, among other statutes, "29 USC chap. 15 OSHA ACT." (Id. at 1). As the Court explained in its Order dismissing the Second Amended Complaint, Roman "may not bring a claim under that statute because OSHA does not create a private right of action." (Doc. # 15 at 6); see also Rabb v. Pizza Hut, No. 1:08-CV-1934-RWS, 2008 WL 4542639, at *1 (N.D. Ga. Oct. 8, 2008)("Plaintiff's claim for a violation of OSHA is also futile. There is no private right of action under OSHA." (citing Jeter v. St. Regis Paper Co., 507 F.2d 973, 976 (5th Cir. 1975))); Donovan v. Occupational Safety & Health Review Comm'n, 713 F.2d 918, 926 (2d Cir. 1983)("[E]mployees have a limited role in the enforcement of the Act. Under OSHA, employees do not have a private right of action."). Therefore, Roman's claim for violation of OSHA is dismissed.

And, although the unsafe and unfair working conditions count does not discuss forced labor, Roman had earlier listed 18 U.S.C. § 1589 of the TVPA as a statute under which he is entitled to relief. (Doc. # 17 at 1). To the extent Roman is also trying to bring this claim under § 1589 of the TVPA, Roman must separate this claim into another count. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23

13

(11th Cir. 2015)(stating that a complaint which does "not separat[e] into a different count each cause of action or claim for relief" should be dismissed as a shotgun complaint).

There are also substantive problems with Roman's claim under the TVPA. Although there is a private right of action under the TVPA, see 18 U.S.C. § 1595, the Third Amended Complaint does not state a plausible violation of the Act. Section 1589(a) provides for punishment of anyone who

> knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means — (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. § 1589(a). Section 1589(b) likewise creates liability for anyone who

> knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means.

18 U.S.C. § 1589(b).

The unsafe and unfair working conditions count does not allege that Roman was forced to work against his will at all. Nor does that count explain whether Tyco used force or threats of force to compel Roman's compliance. The count does state Roman was "harassed" and "threatened" but does not clarify who threatened him, how he was threatened, and for what purpose. Was Roman threatened because he refused to work or because he complained about the alleged breach of oral contract? Was he threatened with violence, with being fired, or with something else?

Roman goes into detail about the alleged forced labor he endured in his response to the Motion to Dismiss. (Doc. # 26 at 4-5). But the Court cannot consider those additional allegations in determining the sufficiency of the Third Amended Complaint. See <u>Bruhl v. Price Waterhousecoopers Int'l</u>, No. 03-23044-CIV-MARRA, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007)("The Plaintiffs cannot supplant the allegations of the [Second Amended Complaint] with new arguments set forth in their response to a motion to dismiss."). While the Court appreciates Roman's attempt to keep his allegations succinct, Roman must plead sufficient facts to state a plausible claim under the TVPA in his fourth amended complaint.

Also, as the Court previously explained, (Doc. # 15 at 5), Roman's allegations that he was "harassed" and "threatened" for complaining about the alleged breach of contract or unsafe working conditions do not state a separate claim for relief. (Doc. # 16 at 3). If Roman wishes to state another cause of action based on this conduct (rather than use the alleged threats as support for his TVPA claim), he should separate that claim into a separate count in his fourth amended complaint. Roman should also state the legal basis for that claim, i.e. the common law claim or statute that entitles him to relief, in the count itself.

**D.  FLSA Claim**

Regarding the FLSA claim, Roman's entire count states "Tyco should be paying travel time [f]rom the 1st job and last job of the day." (Doc. # 16 at 4). It is unclear what Roman means by this: did Tyco fail to pay for Roman's travel time during the work day when he travelled between job sites? Or, did Tyco fail to pay Roman for Roman's travel from his home to the first job of the day and from the last job of the day back to Roman's home? In its previous Order, the Court advised Roman to clarify what work he believes entitles him to overtime compensation: "It is important that Roman clearly plead this claim because ordinary travel time to and from

16

work is typically not compensable under the FLSA." (Doc. # 15 at 5-6)(citing Preston v. Settle Down Enters., Inc., 90 F. Supp. 2d 1267, 1279-80 (N.D. Ga. 2000)("Travel time is compensable . . . only if it is a principal activity of the employee" and thus "ordinary home-to-work travel is not compensable")); see also Burton v. Hillsborough Cty., Fla., 181 F. App'x 829, 834 (11th Cir. 2006)("'[N]ormal travel from home to work [whether at a fixed location or at different job sites] is not worktime' because it is 'an incident of employment,' and is therefore not compensable." (quoting 29 C.F.R. § 785.35)(alterations original)).

While Roman provides more information regarding his FLSA claim in his response to the Motion, the Court cannot consider these allegations when evaluating the Third Amended Complaint. The Court reiterates that Roman should clearly allege the facts regarding his FLSA claim in the fourth amended complaint.

**IV. Conclusion**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to

17

rewrite a deficient pleading." <u>McFarlin v. Douglas Cty.</u>, 587 F. App'x 593, 595 (11th Cir. 2014). Even construed liberally, Roman's Third Amended Complaint fails to state a claim upon which relief can be granted and is dismissed.

Although Roman's Third Amended Complaint is dismissed, the Court grants him leave to amend. But, because Roman has had four previous opportunities to state a claim and the benefit of three previous Orders detailing the issues with his complaints, Roman will not be granted another opportunity to amend if his fourth amended complaint fails to state a claim. Thus, it is imperative that Roman read this Order carefully before drafting and filing his fourth amended complaint.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

(1) Defendant Tyco Simplex Grinnell's Motion to Dismiss the Third Amended Complaint (Doc. # 23) is **GRANTED**.

(2) Plaintiff Gilbert Roman's Third Amended Complaint (Doc. # 16) is **DISMISSED** with leave to amend.

(3) Roman may file a fourth amended complaint by **July 5, 2017**. Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of June, 2017.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE